UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Isadore Stewart,

                Petitioner,

vs.                           REPORT AND RECOMMENDATION

Ms. M. Cruz, Warden,

                Respondent.      Civ. No. 08-4380 (ADM/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

I. Introduction.

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Petition of Isadore Stewart for a Writ of Habeas Corpus under Title 28 U.S.C. §2241. For reasons which follow, we recommend that the Petition for a Writ of Habeas Corpus be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to Title 28 U.S.C. §2254, they also may be applied to
(continued...)

## II.  Factual and Procedural Background

The Petitioner is an inmate at the Federal Prison Camp in Duluth, Minnesota. He is serving an eighteen (18) month prison sentence, which was imposed following his federal criminal conviction in this District.  See, Petition, Docket No. 1, at p. 2, ¶¶1-4; see also, United States v. Stewart, Crim. No. 06-388(1)(PAM).

The Petitioner is not presently challenging the validity of the conviction or sentence for which he is currently incarcerated.  Instead, he is challenging a decision by the Federal Bureau of Prisons (the "BOP"), which determined the date upon which he will be transferred to a "Residential Re-entry Center" ("RRC").

In its entirety, the Petitioner's factual and legal argument reads as follows:

> Petitioner's area of concern and request is that his RRC placement (halfway house) should be from 180 days to 360 days **NOT** the 90 days to 120 days as the Unit Manager, David Baker has stated.  More than several other inmates here at the Duluth Prison Camp have been given additional half-way house (recommended) time, all of which had a significantly lesser time than Petitioner, Isadore Stewart.

---

(...continued)
habeas cases brought under Title 28 U.S.C. §2241.  See, Rule 1(b) of The Rules Governing Section 2254 Cases; see also, Mickelson v. United States, 2002 WL 31045849 at *2 (D. Minn., September 10, 2002), citing Rothstein v. Pavlick, 1990 WL 171789 at *3 (N.D. Ill., November 1, 1990), and Bostic v. Carlson, 884 F.2d 1267, 1270 n. 1 (9th Cir. 1989).

> Petitioner, Isadore Stewart, states his RRC placement, (half-way house) date should be based on 180 days or ten (10%) of 18 months, additionally Petitioner, Isadore Stewart's half-way house should be [sic] November 3, 2008.

Id. at p. 4A.[2]

A BOP website[3] discloses that the Petitioner is scheduled to be released from prison on August 3, 2009. According to the Petitioner, the BOP is planning to assign him to an RRC at some point between 90 days to 120 days prior to his release date, i.e., between April 3, 2009, and May 3, 2009. It appears that the Petitioner's contention is that he should be transferred to an RRC on November 3, 2008, and he now seeks a Writ of Habeas Corpus that would compel the BOP to transfer him to an RRC on that earlier date.

The Petitioner concedes that he has not exhausted his administrative remedies with the BOP, as to the claims presented here, but he contends that he should not have to exhaust those remedies before seeking Habeas Corpus relief, because "there is not

---

[2]The substantive allegations of the Petition are virtually identical to those presented in another Petition, which was recently filed by another inmate at the Federal Prison Camp in Duluth. See, Fisher v. Cruz, Civil No. 08-1747 (PAM/AJB). A Report and Recommendation calling for summary dismissal of that case is currently pending before the District Court, the Honorable Paul A. Magnuson presiding.

[3]The BOP's official website may be found at http://www.bop.gov.

enough time * * * [.]"  See, <u>Petition</u>, supra at p. 4A.  We need not address the Petitioner's failure to exhaust his administrative remedies, given our conclusion that the Petitioner's claim fails on its merits.

### III.  Discussion

RRC assignments are governed by Title 18 U.S.C. §3624(c)(1), which provides as follows:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community.  Such conditions may include a community correctional facility.

We quote the newly amended text of Section 3624(c)(1), which became effective on April 9, 2008, as part of the Second Chance Act of 2007, <u>Public Law No. 110-199, 122 Stat. 657 (2008)</u>.  As amended, Section 3624 requires the BOP to issue new regulations designed to ensure that RRC assignments are "(A) conducted in a manner consistent with section 3621(b) of this title; (B) determined on an **individual basis**; and (C) of sufficient duration to provide the greatest likelihood of successful

reintegration into the community." Title 18 U.S.C. §3624(c)(6) [emphasis added].[4]

---

[4]Title 18 U.S.C. § 3621(b) provides as follows:

> The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering --
>
> > (1) the resources of the facility contemplated;
> >
> > (2) the nature and circumstances of the offense;
> >
> > (3) the history and characteristics of the prisoner;
> >
> > (4) any statement by the court that imposed the sentence --
> >
> > > (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
> > >
> > > (B) recommending a type of penal or correctional facility as appropriate; and

(continued...)

Section 3624(c)(6) requires the BOP to issue its regulations "not later than 90 days after the date of the enactment of the Second Chance Act of 2007." As noted above, the Second Chance Act of 2007 was enacted on April 9, 2008, meaning that the (90) day deadline for issuing regulations recently expired, on July 9, 2008, without the publication of the newly-required BOP regulations.[5]

However, the statute itself clearly indicates, on its face, that the BOP is to determine, on an **individual basis**, how much time each Federal prisoner should spend

---

[4](...continued)
       (5)    any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

In designating the place of imprisonment or making transfers under this subsection, there shall be no favoritism given to prisoners of high social or economic status. The Bureau may at any time, having regard for the same matters, direct the transfer of a prisoner from one penal or correctional facility to another * * * .

[5]According to a recent decision by our Court of Appeals, "[i]n reaction to this statute [i.e., the amended version of Section 3624(c)], and the new 12-month maximum [RRC] placement, the BOP issued guidance directing that 'inmates must now be reviewed for pre-release RRC placements 17-19 months before their projected release dates.'" Miller v. Whitehead, 527 F.3d 752, 756 (8th Cir. 2008). Accordingly, the BOP has provided some interim guidance to Federal prison authorities, pending the implementation of the formal regulations which are mandated by Section 3624(c)(6).

at an RRC. The statute sets a maximum amount of time that a prisoner can spend at an RRC -- not more than twelve (12) months -- but the statute does not set any minimum amount of time that a prisoner must spend at an RRC.

Here, the Petitioner claims that the BOP has erroneously decided to send him to an RRC approximately three (3) to four (4) months before his release date, and he contends that he should be sent to an RRC not less than six (6) to twelve (12) months before his release date. We find the Petitioner's claim to be without merit, particularly given his failure to cite any legal basis for his argument.

The Petitioner has not suggested that the BOP's decision, as it concerns his RRC transfer date, violates any statute, regulation, or constitutional principle. It appears from the Petition that the BOP considered the Petitioner's individual circumstances, and selected an RRC transfer date that was deemed best for his particular situation, which is precisely what the applicable law requires the BOP to do. Although the Petitioner believes that the BOP misjudged his circumstances and his needs, he has not identified any **legal error** in the BOP's decision-making process, or in the BOP's ultimate conclusion as to when he should be sent to an RRC.

We have not overlooked the Petitioner's allegation that other inmates at his prison, who are subject to different sentences, have been given more RRC time.

However, that allegation, by itself, adds nothing of consequence to the Petitioner's claim. The governing statute plainly contemplates that each prisoner's RRC time will be individually assessed. The Petitioner has not cited any legal authority which connects the length of a prisoner's sentence to the amount of time he should spend in an RRC, and we are unable to ascertain how the length of a prisoner's sentence would have any bearing on how much time he should spend in an RRC, in order to best facilitate his transition back into society.

In sum, although the Petitioner disagrees with the BOP's assessment of his need for RRC placement, he has not identified any **violation of law** which arises from the BOP's determination of his RRC transfer date, and which would warrant judicial intervention. Since the Petitioner has not shown any possible legal ground for setting aside the BOP's decision on his RRC transfer date, we recommend that his current Habeas Corpus Petition be summarily denied, and that this case be dismissed with prejudice.

NOW, THEREFORE, It is --

RECOMMENDED:

1. That the Petitioner's Petition for a Writ of Habeas Corpus [Docket No. 1] be summarily denied.

2.    That this action be dismissed with prejudice.


Dated: July 17, 2008              *s/Raymond L. Erickson*
                                                      Raymond L. Erickson
                                                      CHIEF U.S. MAGISTRATE JUDGE

## N O T I C E

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than August 1, 2008**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than August 1, 2008**, unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.